No. 2944.

S. C. MCREYNOLDS *v.* THE STATE.

OCCUPATION TAX — RETAILING — CHARGE OF THE COURT. — The offense denounced by article 110 of the Penal Code is the pursuing of a taxable occupation, calling or profession without first having paid the occupation tax levied on such avocation. The trial court charged the jury in this case as follows: "You are charged that different sales, at different times, to different persons, would constitute the occupation of selling, but one sale would not." *Held*, erroneous, as announcing an incorrect proposition of law, and as being upon the weight of evidence, it being the exclusive province of the jury to determine the question.

APPEAL from the County Court of Rockwall. Tried below before the Hon. A. R. Hartman, County Judge.

This conviction was for pursuing the occupation of selling intoxicating liquors in quantities less than a quart, without having first paid the tax levied by law upon such avocation. The penalty assessed was a fine of four hundred dollars.

The State proved that the defendant was the proprietor of a grocery store in Rockwall county, Texas, but that he had never taken out license to sell intoxicating liquors in quantities less than a quart.

J. S. McDaniel testified that he bought a half pint of whisky at one time in December, 1887, from defendant.

Jesse McDaniel testified that, at another time, in the same month, he bought a half pint of whisky from defendant.

Rice Jackson testified that, during December, 1887, he bought a pint of whisky from William McReynolds, the defendant's clerk.

Two or more witnesses for the defense testified that they had often heard defendant refuse to sell liquors in less quantities than a quart, and instruct his clerk not to sell liquors in less quantities than a quart.

William McReynolds denied that he ever sold Rice Jackson less than a quart of whisky.

*L. D. Stroud* and *N. C. Edwards*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. This appeal is from a conviction for pursuing the occupation of selling liquor in quantities less than a quart, without first obtaining a license to pursue such occupation. Among other matters, the court instructed the jury as follows, viz.: "You are charged that different sales at different times near each other, to different persons, would constitute the occupation of selling, but one sale would not." This portion of the charge was excepted to, as shown by one of defendant's bills of exception. It is manifestly a charge upon the weight of evidence, and is, therefore, erroneous. Nor did it state a proposition in itself correct in law, for "a person may make occasional sales of liquor without pursuing or following, or intending to pursue or follow, the occupation of selling liquor."

(Stanford v. The State, 16 Texas Ct. App., 331; Merritt v. The State, 19 Texas Ct. App., 435, and authorities cited.)

"The offense denounced by article 110, Penal Code, consists not in the mere sale of spirituous liquors without license, but in *pursuing the occupation* of selling spirituous liquors without first having paid the occupation tax levied on such avocation." (Williams v. The State, 23 Texas Ct. App., 499.) It was a matter for the jury to determine whether from the number of sales or other circumstances proven the party was pursuing the occupation, and not for the court to tell them how many sales would constitute the offense.

For error in the charge of the court, the judgment is reversed and the cause remanded.

*Reversed and remanded.*